UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THE UNITED STATES OF AMERICA

-vs-

DEMOND WAKER,
       Defendant.

06-CR-48E

MEMORANDUM
and
ORDER[1]

---

## INTRODUCTION

Defendant Demond Waker is charged in a two-count indictment with unlawfully and knowingly possessing ammunition affecting commerce and unlawfully and knowingly possessing firearms affecting commerce in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2). On February 13, 2006 the case was referred to Magistrate Judge Leslie Foschio for all pretrial matters. On April 17, 2006, Waker filed pre-trial motions seeking both dispositive and non-dispositive relief, including a Bill of Particulars, discovery and suppression of certain evidence. At oral argument on these motions, all outstanding matters were resolved[2] except for Waker's request for a Bill of Particulars and his motion to suppress evidence obtained pursuant to a purportedly invalid search warrant. On June 26, 2006 Magistrate Judge Foschio issued a Report and Recommendation ("R&R") and Order wherein he denied the motion for a Bill of Particulars and recommended

---

[1] This decision may be cited in whole or in any part.

[2] The Report and Recommendation contains a description of the matters resolved which include defendant's requests pursuant to Fed.R.Evid. 403, 404(b), 609, 702, 703 and 705, and for *Brady, Giglio* and Jenks Act materials.

that the suppression motion be denied.  On July 7, 2006 Waker filed objections to that portion of the R&R relating to the suppression motion, arguing that the search warrant was defective on its face and, therefore, the items seized under the warrant should be suppressed.  Oral argument on the objections was held on September 29, 2006 and the matter submitted for decision by the Court on that date.

## **BACKGROUND**

Familiarity with the R&R is presumed, hence the facts will be discussed only as they relate to Waker's objections.  The search warrant at issue was executed at 2777 Elmwood Avenue, Tonawanda, NY on April 25, 2005.  The warrant was issued by Magistrate Foschio, also on April 25, 2005, for the upper apartment at that address and was based on the Application and Affidavit of FBI Criminal Enterprise Task Force ("CETF") Agent Daniel Granville. Upon execution of the warrant, CETF agents encountered Waker and an individual named Jonathan Fields.  Inside the apartment, CETF agents recovered, *inter alia,* a shotgun shell from inside Waker's pants pocket and other firearms and ammunition from within the apartment.  Waker told the agents that he had resided at the apartment since April 24, 2005.  Records checks confirmed that Waker is a convicted felon and that the firearms and ammunition were manufactured outside of New York state and the United States and hence, were necessarily transported here through interstate or foreign commerce.

Waker argued before the Magistrate that the search warrant was invalid because (1) it contained an incorrect handwritten date indicating that it was to be executed by April 30, "2004", rather than "2005"[3]; (2) the items to be seized were not sufficiently particularized as required by Federal Rules of Criminal Procedure ("F.R.Cr.P.") 41 and the Fourth Amendment to the U.S. Constitution[4], and (3) there was no probable cause in support of the Affidavit which formed the basis for the warrant. The government argued that the handwritten date error was insignificant, the warrant complied with F.R.Cr.P. 41 and the Fourth Amendment, and nonetheless the search was valid under *United States* v. *Leon*[5] because it was not so facially lacking in validity so as to preclude the officer's good faith reliance thereon.

The R&R addressed all of these arguments, finding that the date discrepancy was a clerical error that did not render the warrant invalid, that incorporation by reference of an Affidavit in support of a warrant that is attached to the warrant sufficiently satisfies the requirements of the Fourth Amendment

---

[3] The date was incorrectly handwritten by the issuing Magistrate, Judge Foschio, at the time the warrant was granted. The warrant also contains the date and time it was issued as April 25, 2005 at 3:00pm and the Return indicates that it was executed immediately thereafter, at 3:15pm on that same date. See Court Exhibit A, Dkt. #20 herein.

[4] Rather than particularizing the items to be seized on the face of the warrant, the warrant referred to the Affidavit in support of the warrant and incorporated by reference such Affidavit, also stating that the Affidavit describes the items which are fruits, evidence and instrumentalities of violations of 18 U.S.C. 922(g)(1).

[5] 468 U.S. 897, 104 S.Ct. 3405(1984).

and F.R.Cr.P. 41, and also that there were ample facts contained in the Affidavit to support a finding of probable cause for the issuance of the warrant. The Magistrate also provided detailed reasons for his denial of Waker's request for a Bill of Particulars.

## DISCUSSION

The District Court "shall make a *de novo* determination of those portions of the \*\*\* [R&R] to which objection is made." 28 U.S.C. §636(b)(1)(C); *United States* v. *Raddatz*, 447 U.S. 667, 675-676, 100 S.Ct. 2406 (1980); *Sieteski* v. *Kuhlmann*, 2000 WL 744112, at \*1 (W.D.N.Y. 2000). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge", and may adopt those parts of the R&R to which no specific objection is raised so long as such are not clearly erroneous. 28 U.S.C. §636(b)(1)(C); *see also Black* v. *Waker*, 2000 WL 461106, at \*1 (W.D.N.Y. 2000). Objections to a R&R in this District are also governed by Rule 58.2 of the Local Rules of Criminal Procedure for the United States District Court for the Western District of New York ("Local Rules"). Local Rule 58.2(a) states in pertinent part that:

> "(1) Review of a Magistrate Judge's orders or of his or her proposed findings of fact and recommendations for disposition shall be governed by 28 U.S.C. § 636(b)(1).
> 
> \*   \*   \*   \*   \*
> 
> "(3) A party may object to proposed findings of fact and recommendations for dispositions submitted by a

>>Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), by filing \*\*\* written objections to the proposed findings and recommendations within ten days \*\*\*. The written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."

Magistrate Foschio's denial of the Bill of Particulars is a non-dispositive order to which no objection was made and is therefore deemed final. Local Rule 58.2(a)(2).

Waker did not raise the issue of probable cause, objecting only to the Magistrate's findings regarding the date discrepancy and the incorporation by reference technique of particularizing the items to be seized, arguing that, for these reasons, the warrant is facially deficient. Waker urges the Court to decline to adopt the Magistrate's findings, invalidate the warrant and suppress the items seized. He argues that Magistrate Foschio's reliance upon certain cases in support of his findings was misplaced. This is essentially a claim that Magistrate Foschio incorrectly applied the law with respect to both the analysis of the incorrect date on the Warrant and the particularization requirements of the Fourth Amendment. The Court will therefore make a *de novo* determination of these portions of the R&R.

**The Date Discrepancy**.

The Court rejects Waker's arguments on this issue. Some of the cases cited by the Magistrate involved clerical errors relating to the location subjected to the warrant[6], while other cases addressed a variety of clerical errors such as an incorrect date, discrepant names, incorrect statute citation or a failure of the Magistrate to sign the Warrant[7]. The Court sees no distinction requiring a different analysis of the types of errors in the cases relied upon by the Magistrate and the type of error presented here. Waker's position in this regard is not only disingenuous (as noted by the Magistrate – see Dkt. #21 at p. 11), it belies the reality of the process wherein the law enforcement official herein contemporaneously applied for the warrant, appeared before the Magistrate, obtained the warrant and immediately proceeded to the property and executed it. The warrant is clearly dated April 25, 2005 and states a time notation of 3:00 p.m. The Return, indicating that the warrant was executed, is dated the same day and contains a time notation of 3:15 p.m. Considering these facts, it is clearly reasonable for the Court to find, and for the executing officers to believe, that the

---

[6] *Velardi* v. *Walsh*, 40 F.3d 569, 576 (2d Cir. 1994); *United States* v. *Garza*, 980 F.2d 546, 551-52 (9th Cir. 1992); *United States* v. *Skinner*, 972 F.2d 171, 177 (7th Cir. 1992).

[7] *United States* v. *Souffront*, 338 F.3d 809, 822 (7th Cir. 2003)(incorrect date); *United States* v. *McKenzie*, 446 F.2d 949, 954 (6th Cir. 1971)(same); *United States* v. *Longo*, 70 F.Supp.2d 225, 251-52 (W.D.N.Y. 1999)(discrepant names); *United States* v. *Fruchter*, 104 F.Supp.2d 289, 306-07 (S.D.N.Y. 2000)(incorrect statute citation); *United States* v. *Turner*, 558 F.2d 46, 52-53 (2d Cir. 1977)(issuing magistrate forgot to sign the warrant).

incorrect "to be executed by" date was merely an insignificant scrivener's error. *See*, fn. 6 & 7; *see also United States* v. *Christopher*, 546 F.2d 496, 497 (2d Cir. 1976) (transposition of hotel room numbers would not invalidate warrant); *United States* v. *Maxwell*, 45 M.J. 406, 420 (C.A.A.F. 1996)(error in listing defendant's e-mail screen name did not invalidate warrant); *Unites States v. Fang,* 1993 WL 51100, *2-3 (S.D.N.Y. 1993) (transposition of numbers of street address does not invalidate warrant);  *United States* v. *Larracuente,* 740 F.Supp. 160, 164-65 (E.D.N.Y. 1990)(same).

Even if the Court were to hold that the Magistrate's scrivener's error was not insignificant, but an error of constitutional dimension, it would not justify application of the exclusionary rule herein.

> "An error of constitutional dimensions may have been committed with respect to the issuance of the warrant, but it was the judge, not the police officers, who made the critical mistake.  "[T]he exclusionary rule was adopted to deter unlawful searches by police, not to punish the errors of magistrates and judges." *Illinois* v. *Gates*, 462 U.S. 213, 263, 103 S.Ct. 2317, 2346, 76 L.Ed.2d 527 (1983) (WHITE, J., concurring in judgment). Suppressing evidence because the judge failed to make all the necessary clerical corrections $_{***}$ will not serve the deterrent function that the exclusionary rule was designed to achieve."

*Massachusetts* v. *Sheppard*, 468 U.S. 981, 990, 91, 104 S.Ct. 3424, 3429 (1984). Therefore, the warrant will not be invalidated on the basis of the incorrect "to be executed by" date.

### The Particularization Requirement

The Court rejects Waker's arguments on this issue as well. The Fourth Amendment specifies that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Waker's reliance on *Groh* v. *Ramirez*, 540 U.S. 551, 124 S.Ct. 1284 (2004)[8], however, is misplaced and cannot be relied upon in support of a finding that the warrant herein violates the Fourth Amendment for failure to sufficiently particularize the items to be seized. The Court herein finds that the Magistrate's analysis of *Groh* is more accurate and appropriately applicable to the present case. *Groh* recognizes a distinction when a warrant, that may otherwise be facially deficient for failure to particularize the items to be seized, incorporates by reference the affidavit or application for the warrant which does particularly describe such items to be seized. In acknowledging this distinction, the Supreme Court stated:

---

[8] Waker cites *Grohra* v. *Ramirez*, 450 U.S. 551, 124 S.Ct. 284 as authority for this argument. There is no such case. The Court therefore construes that the *Groh* case, cited by the Magistrate and discussed in the R&R, most closely resembles Waker's position and was the intended case and citation.

> "We do not say that the Fourth Amendment prohibits a warrant from cross-referencing other documents. Indeed, most Courts of Appeals have held that a court may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant. *See, e.g., United States* v. *McGrew*, 122 F.3d 847, 849-850 (C.A.9 1997); *United States* v. *Williamson,* 1 F.3d 1134, 1136, n. 1 (C.A.10 1993); *United States* v. *Blakeney*, 942 F.2d 1001, 1025-1026 (C.A.6 1991); *United States* v. *Maxwell,* 920 F.2d 1028, 1031 (C.A.D.C.1990); *United States* v. *Curry,* 911 F.2d 72, 76-77 (C.A.8 1990); *United States* v. *Roche,* 614 F.2d 6, 8 (C.A.1 1980). But in this case the warrant did not incorporate other documents by reference, nor did either the affidavit or the application (which had been placed under seal) accompany the warrant. Hence, we need not further explore the matter of incorporation."

540 U.S. at 557-58, 124 S.Ct. at 1290.

Unlike the present case, where the warrant specifically incorporated by reference the agent's application affidavit which particularly described the items to be seized, the face of the warrant in *Groh* neither particularized the items to be seized nor incorporated by reference any application or affidavit that might have

described such items and, for *both* of those reasons, it was held to be in violation of the Fourth Amendment. 540 U.S. at 554-55, 557-58, 124 S.Ct. at 1288, 1290.

While *Groh* did not decide the issue of incorporation by reference, it recognized its application by most Courts of Appeals and clearly did not overrule such practice. Further, authority in this District clearly allows such practice when the document containing the itemization is attached to the warrant. *See United States* v. *George*, 975 F.2d 72, 76 (2d Cir. 1992)("A sufficiently specific affidavit will not itself cure an overbroad warrant. Resort to an affidavit to remedy a warrant's lack of particularity is only available when it is incorporated by reference in the warrant itself and attached to it")(internal citation omitted), *citing United States* v. *Maxwell,* 920 F.2d 1028, 1031 (D.C. Cir. 1990)[9]. Indeed, most Circuits subscribe to this incorporation by reference practice in one form or another. *See,* 540 U.S. at 557-58, 124 S.Ct. at 1290. The rule in *George,* allowing a seemingly insufficiently particularized warrant to be cured, is plainly applicable herein where the face of the warrant stated as follows with respect to the description of the items to be seized:

> "[S]ee *attached* Affidavit as to of [sic] Items to be Seized, all of which are fruits, evidence and instrumentalities of violationsof 18 U.S.C. § 922(g)(1) all of which are more fully described in the affidavit filed in

---

[9] The Court notes that the *Maxwell* case was also cited by the Supreme Court in *Groh, supra,* in recognizing this widespread practice.

support of this warrant *which is incorporated herein by reference*."

Dkt. #20 (emphasis added).

Of further concern to the Court in *George* was that "[m]ere reference to "evidence" of a violation of a broad criminal statute or general criminal activity provides no readily ascertainable guidelines for the executing officers as to what items to seize." 975 F.2d at 76. The Court opined that without "some limitation curtailing the officers' discretion when executing the warrant, the safeguard of having a magistrate determine the scope of the search is lost." *Ibid.* While not solely determinative of the issue, this Court finds that these concerns of overreaching and overbreadth are diminished in the instant case by the fact that the agent who applied for the warrant was also substantially involved in its execution. Nevertheless, because the warrant herein both attached and incorporated by reference the affidavit containing the particularization, it satisfies the requirements of the Fourth Amendment.

Lastly, the Court finds that Magistrate Foschio's analysis of this matter in accordance with *United States* v. *Leon*[10], although sound and reasonable, is not necessary to the outcome herein. The warrant herein is not insufficient, deficient or invalid for any reason, and therefore determining whether or not the executing agents relied upon it in good faith is unnecessary.

---

[10] *See* fn.5.

**CONCLUSION**

Therefore, for the above reasons, and upon a *de novo* review of the R&R, the objections and responses thereto, and upon hearing argument from the parties, the Court denies Waker's objections and hereby adopts the proposed findings and conclusions of the R&R.

It is hence **ORDERED** that Waker's objections (Dkt. #22) to Magistrate Foschio's R&R (Dkt. #21) are denied and the R&R is adopted in its entirety. It is further **ORDERED** that the parties are to appear before this Court on November 3, 2006 at 1:00 p.m. to set a date for trial.

DATED:   Buffalo, N.Y.

November 1, 2006

/s/ John T. Elfvin
JOHN T. ELFVIN
S.U.S.D.J.